■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LUCKS, Appellant. — Judgment, Supreme Court, Bronx County (Drohan, J.), rendered on December 17, 1976, convicting defendant, after trial by jury, of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of from eight and one-third years to life imprisonment, is affirmed. Defendant's claims of error are ill founded. Defendant was convicted, after trial by jury, of criminally selling heroin to an undercover police officer, Detective Fuller. Defendant initially asserts that the court erred in its charge to the jury on intent. Although the People concede that a portion of this charge was improper, no objection was registered by defense counsel. Therefore, this issue has not been preserved for our review *(People v Thomas,* 50 NY2d 467). Nor was it error for the trial court to deny defendant's request to have the People reveal the identity of the confidential informant. The primary and overwhelming evidence against the defendant was supplied by Detective Fuller. This officer's testimony provided the jury with the account of how the first four bags of heroin were purchased. Detective Fuller then testified that, with defendant giving all of the instructions, they drove around for some time in an attempt to purchase four additional bags of contraband. Testimony to corroborate these facts was provided by members of the "back up team" assigned to this operation. In essence, according to Fuller, the confidential informant was merely "along for the ride". Under these circumstances, we can find no error in the court's ruling that any testimony of the informant would be "cumulative as to the question of identification, as to whether or not there was a transaction." Although the trial court stated that there would be a 15-minute limitation for each side on the *voir dire* of prospective jurors, the record discloses that no limit was actually imposed. The trial court did conduct an extensive preliminary *voir dire* and, after completing its questioning, furnished counsel with ample time to pursue any avenue, provided that the questions asked were relevant and not repetitive. The time limitation even if imposed would not amount, in our opinion, to reversible error, so long as this ruling was applied equally to both sides. Here, there was no impediment imposed on the truth-finding process and, thus, no error was committed. Defendant next assigns error to the rulings of the trial court as to the proper manner of examining witnesses. The court sustained objections to the form of

defense counsel's questions, cautioning counsel not to testify. It is incumbent on the court to control the form of the questions posed. Rather than hindering defense counsel, the trial court was attempting to "encourage clarity rather than obscurity in the development of proof" *(People v Moulton,* 43 NY2d 944, 945). In addition, the record now before this court discloses that defense counsel on several occasions chose not to follow the directions of the Trial Judge and, rather than shift to a different area of inquiry, persisted with an objectionable line of questioning. The court, in an equally firm manner, took control of the proceedings and concluded the trial without error *(People v Gonzalez,* 38 NY2d 208). Although defendant suffered an injustice when he was sentenced to a term of imprisonment of eight and one-third years to life, we believe the appropriate procedure would be for defendant to move for resentencing pursuant to section 60.09 of the Penal Law and do not now pass upon the term imposed. Concur — Murphy, P. J., Birns, Ross and Markewich, JJ.