OPINION OF THE COURT
Wachtler, J.
When this case was previously before us, defendant had pleaded guilty to sodomy in the second degree (Penal Law, § 130.45) in satisfaction of a five-count indictment. We determined that our holding in People v Samuels (49 NY2d 218) should be applied retrospectively to cases still in the appellate process at the time that decision was announced, requiring suppression of defendant’s pretrial statement. Accordingly, defendant’s conviction was reversed, his guilty plea was vacated, and the case was remitted to County Court for further proceedings (People v Pepper, 53 NY2d 213, affg 76 AD2d 1006, cert den 454 US 967).
At the ensuing trial, the complaining witness, who was 11 years old at the time of the acts complained of, testified that her mother had arranged meetings between her and the defendant, at which she was expected “to do sexual things with him”. During these encounters, which took place in parking lots in the Town of Colonie, defendant engaged in acts of sexual contact with the witness. After each meeting, the witness’s mother received money from defendant in varying sums.
Defendant was convicted of two counts of sodomy in the second degree (Penal Law, § 130.45) and two counts of sexual abuse in the second degree (Penal Law, § 130.60). This appeal is from the order of the Appellate Division affirming his conviction.
*358 Defendant argues first that his motion for a change of venue was improperly denied and that he was deprived of a fair trial by the extensive publicity given the matter prior to trial. The motion was made in the Appellate Division in connection with the previous proceedings leading up to defendant’s guilty plea and was denied approximately three years before the instant trial began.
Defendant presents no basis upon which to conclude that the Appellate Division in denying the motion deprived the defendant of his constitutional right to a fair trial, considering the circumstances existing at the time the motion was made. Rather, to support his claim of prejudice, defendant relies primarily upon publicity and media exposure occurring after the motion had been denied. Defendant, by not pursuing his application after his conviction was reversed, failed to preserve any claim that the significant change in circumstances (i.e., additional and prejudicial publicity) warranted a change of venue.
Nor can it be said that defendant was deprived of a fair trial by reason of the pretrial publicity. As the Appellate Division recognized, only 25% of the jury panel was excused for having preconceived ideas concerning defendant’s guilt, and the impartiality of the jurors ultimately chosen to serve was assured by the conduct of the selection process. Precautions were taken by the trial court to ensure that the voir dire examinations did not themselves become a potential source of prejudice. Defense counsel was given an adequate opportunity to explore thoroughly what information each potential juror had previously acquired about the case as well as any preconceived opinions or attitudes about the case or defendant. The record does not support defendant’s contention that the trial court’s curtailment of additional questioning at several points during voir dire and its own examination of the prospective jurors to determine whether they could render an impartial verdict, were designed to preclude the jurors’ honest expression of opinion.
The trial court has broad discretion to prevent this most time-consuming phase of a jury trial from becoming unduly protracted (People v Boulware, 29 NY2d 135, 140; People v Corbett, 68 AD2d 772, 778-779, affd 52 NY2d 714), *359 and defendant has not demonstrated that the court abused that discretion. Importantly, the court’s efforts to curtail further repetitious questioning and to effectively summarize the jurors’ previous responses by asking questions in conclusory fashion did not place undue restrictions or limitations upon defense counsel’s ability to explore fully the relevant opinions and biases of the prospective jurors. In short, the jury selection process was itself fair, and defendant has failed to demonstrate that the jurors chosen were anything but impartial.
Defendant next contends that he was improperly denied the opportunity to make a challenge for cause out of the hearing of the jury. We agree that CPL 270.15 (subd 2) was violated by the court’s refusal to hear the challenge “outside of the hearing of the prospective jurors in such manner as not to disclose which party made the challenge”. Notwithstanding this error, reversal of defendant’s conviction is not warranted on this basis, the defendant having failed to demonstrate any prejudice as a consequence of the error.
Defendant also argues that there was insufficient corroboration of the victim’s testimony as required by section 130.16 of the Penal Law. We disagree. This statute would preclude defendant’s conviction of sodomy and sexual abuse in the absence of evidence, additional to that of the victim who was 11 years old at the time of these acts, tending to “[establish that an attempt was made to engage the alleged victim [in acts of sodomy and sexual abuse] at the time of the alleged occurrence” and tending to connect defendant with commission of the offense. Contrary to defendant’s assertions, we conclude that the necessary corroboration of the victim’s testimony is to be foqnd in the testimony of the victim’s mother. Although this witness did not testify in the same manner as the victim and in fact denied that sexual contact took place between defendant and her daughter, her testimony concerning the encounters between them, at the same times and locations as her daughter related, as well as other details of the arrangements, is clearly sufficient to connect defendant to the commission of the offenses described by the victim. This witness’s testimony also tends to establish that an attempt was made to engage the victim in acts of sexual abuse and *360 sodomy. On one occasion, the witness stated that defendant touched her daughter to see if she had breasts. On the second occasion she stated that defendant engaged her daughter in discussion about her sex life and asked her to kiss him on his penis. According to the witness, as she turned around, she saw her daughter “just going down”, apparently to comply with defendant’s request. The mother’s testimony to these events, notwithstanding her ultimate denial of any sexual" contact between defendant and the victim, provided sufficient corroboration under the statute. The fact that the corroborating witness’s testimony is inconsistent with the victim’s does not, on this record, undermine the corroborative value of the evidence.
Defendant’s contention that the indictment does not charge the alleged incidents with sufficient particularity is not preserved for our review (People v Soto, 44 NY2d 683, 684). Although defendant made an extensive pretrial omnibus motion raising issues related to suppression, discovery and the sufficiency of the evidence before the Grand Jury, nowhere is a concern expressed that the indictment itself was inadequate to give defendant notice of the acts with which he was charged. Further, although defendant specifically requested a bill of particulars, the People were never ordered to supply one, because defendant’s plea of guilty rendered academic motions which had not yet been decided. Following reversal of his conviction, defendant was free to request this relief again, but he waited until just before jury selection to inform the court orally that he had never received the bill of particulars. Under these circumstances, denial of defendant’s oral request was not error.
We have considered defendant’s remaining contentions, and those that are preserved and otherwise within this court’s review powers are without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Meyer and Simons concur.
Order affirmed.