■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE GRIFFIN, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered March 25, 1982, upon a verdict convicting defendant of the crime of assault in the first degree. ¶ Shortly before 8:00 A.M. on September 4, 1981, the Fallsburg Town Police received a call from a person who stated, "You better get right down here, I just stabbed [someone]." The caller, after being asked to identify himself, replied, "This is Jesse Griffin down at Golden Bells [Bungalow Colony]", reiterated that he had stabbed someone, and further stated that the victim would be walking down the street bleeding from his buttocks. Two police cars headed for the bungalow colony and one intercepted a taxi which had picked up the victim, one Hernando Suarez Garcia, a tenant at Golden Bells. The other police car proceeded to Golden Bells, where the police officers found defendant standing by the side of the road holding a knife. One policeman drew his gun and ordered defendant to place the knife on the hood on the car. At this time, defendant stated that he had "cut" Garcia. Defendant further stated, while the policemen attempted to

frisk him and read him his *Miranda* rights, that Garcia was a "faggot" who had "come on" to him, so he "cut" Garcia. After being formally arrested, defendant claimed that Garcia "came on" to him and then came after him with a brick. The police searched the site of the altercation but were unable to find a brick or any other likely instrumentality. Garcia, meanwhile, had been transported to the hospital, where emergency surgery was performed. A doctor who treated Garcia testified that the wound would have been fatal had surgery not stopped the bleeding and that the dimensions of the stab wound were consistent with the knife confiscated from defendant. Defendant was indicted for assault in the first degree (Penal Law, § 120.10, subd 1). ¶ After a *Huntley* hearing, defendant's statements were held admissible as spontaneously made. The victim Garcia was not produced at trial, and the prosecution and defense established their diligent, but unsuccessful, efforts to locate him.[*] Apparently Garcia resurfaced several weeks after the trial. The jury found defendant guilty as charged and a term of incarceration of two and one-third to seven years was imposed. This appeal followed and, after reviewing defendant's multitudinous claims of error, we conclude that those claims either have not been preserved for review on this appeal or are without merit and that only the following warrant extended discussion. ¶ County Court, at one point during its charge to the jury, instructed that "the prosecution does not have to prove the defendant guilty beyond a reasonable doubt". Although this statement, in and of itself, is inaccurate and contrary to defendant's constitutional rights, County Court, several other times immediately before and after the quoted passage, properly instructed the jury as to the prosecutor's burden of proof. Viewing the charge as a whole (see *People v Robinson,* 36 NY2d 224, 227-228) and considering the instances where the charge was correctly stated as curative instructions (see *People v Joseph AA.,* 92 AD2d 649, 650), we conclude that the proper standard was conveyed to the jury (see, also, *United States v Rosa,* 493 F2d 1191, 1195, cert den 419 US 850). ¶ Defendant also contends that County Court erred in its charge on justification by failing to adequately inform the jury that one may use deadly physical force without retreating to repel an attack of deadly physical force in one's own dwelling (Penal Law, § 35.15, subd 2, par [a], cl [i]). This claim has not been preserved for our review on this appeal because defendant did not object to County Court's instruction (CPL 470.05, subd 2) and, in any event, the entire justification statute, including the part claimed by defendant as having been omitted, was read to the jury. ¶ We further conclude that the prosecution's failure to produce Garcia at trial did not deny defendant his constitutional right of confrontation. A court cannot dictate to a prosecutor what witnesses to call to testify (see *People v Sapia,* 41 NY2d 160, 163, cert den 434 US 823); a fortiori this is so where, as here, it is established that a witness cannot be located despite diligent efforts. Moreover, defendant was not entitled to a missing witness charge in light of the proof that Garcia was not under the prosecution's control (see *People v Geoghegan,* 68 AD2d 279, 286, affd 51 NY2d 45; *People v Samuels,* 59 AD2d 574, 575). Also, our review of the record of the suppression hearing confirms County Court's conclusion that defendant's incriminating statements were spontaneously made, rather than the result of any impermissible coercion, and, thus, admissible (see *People v Maerling,* 46 NY2d 289, 302-303). Additionally, the jury was well within its province, considering the nature of the wound as testified to by the doctor who treated Garcia, the statements defendant made and the absence of a brick or

---

[*] Although defense counsel's investigator testified that he had previously told an Assistant District Attorney that he knew where Garcia was, he further testified that he had never been able to locate Garcia and had not been under oath when he made the statements to the Assistant District Attorney.

other weapon to substantiate defendant's justification claim, when it concluded that defendant acted intentionally and was guilty of assault in the first degree. Defendant's trial counsel's representation was meaningful and did not deprive defendant of his right to effective assistance of counsel (see *People v Baldi,* 54 NY2d 137, 147). County Court's intrusions to clarify testimony were minor and, thus, permissible (see *People v Jamison,* 47 NY2d 882). Finally, County Court did not err in refusing to hold a competency hearing after defendant's psychiatric examinations in light of the medical opinions that defendant was competent and the absence of a motion by defendant for a hearing (CPL 730.30, subd 2). As previously noted, we have examined defendant's other claims of error and find them to be without merit or not preserved for review on this appeal. ¶ Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.