■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CUNNINGHAM, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered September 2, 1983, upon a verdict convicting defendant of three counts of the crime of criminal possession of a forged instrument in the second degree.

When defendant attempted to cash a forged check at the Loudonville branch of Mechanics Exchange Bank on March 24, 1983, he was recognized by a teller as the individual who had previously negotiated a forged check at the bank, and the police were alerted. Later that day, defendant and his companions were arrested and taken into custody. Following the arrest, police found two additional checks bearing a forged indorsement in defendant's coat pocket. Defendant was indicted on three counts of criminal possession of a forged instrument in the second degree and, following a jury trial, was found guilty on each count. Following a persistent felony offender hearing (CPL 400.20), defendant was adjudicated a persistent felony offender and given an indeterminate sentence of 20 years to life.

On appeal, defendant asserts several errors allegedly warranting reversal. Defendant alleges that the Trial Judge so interfered with the conduct of the trial by repeatedly taking over the questioning of witnesses as to deny defendant a fair trial.

Even were the issue preserved for our consideration, we would find it to be without merit. Contrary to defendant's allegations, the Trial Judge only very occasionally and briefly asked questions of witnesses in an attempt to clarify for the jury time frames and other testimony. A Trial Judge is obliged to insure that what may be confusing testimony is clarified for the jury and that the trial proceed in an orderly and expeditious manner (*People v Yut Wai Tom,* 53 NY2d 44, 57). Any intrusion by the trial court to clarify testimony was minor and, thus, permissible (*People v Griffin,* 100 AD2d 659, 661).

Defendant's ineffective assistance of counsel assertion is completely premised on the alleged failure of defense counsel to request a bill of particulars, and the point is entirely without merit. In his omnibus motion, defense counsel sought, *inter alia,* an order directing the People to furnish defendant with a bill of particulars pursuant to CPL 200.95. The People opposed the motion and, in its decision dated June 23, 1983, the trial court denied that facet of defendant's omnibus motion on the ground that all particulars requested were either evidentiary in nature or sufficiently set forth in the indictment. A review of the record clearly reveals that defendant was provided with meaningful representation and that defense counsel was adequately familiar with the facts of the case and the relevant law (see *People v Abdullah,* 100 AD2d 550, 551). In no sense does the record support defendant's contention that he was deprived of the right to effective assistance of counsel (see *People v Griffin, supra,* p 661; *People v Eddy,* 95 AD2d 956, 957).

The evidence presented against defendant constituted overwhelming proof of his guilt. He was unquestionably identified by a bank employee who, when confronted with defendant's attempt to cash a forged check, immediately alerted law enforcement authorities. Testimony by police established that defendant had two other checks bearing forged signatures on his person at the time of arrest. Further, the testimony of a female companion set forth her firsthand knowledge of defendant's participation in the check-cashing scheme.

Finally, we note that the sentence imposed was legal and, given defendant's record of 36 arrests for primarily drug-related and larcenous-type offenses and his prior conviction and incarceration for four felonies, the sentence imposed as a persistent felony offender was well within the discretion of the trial court.

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.