■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 27, 1985, convicting him of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not abuse its discretion by limiting the second round of the voir dire examination of prospective jurors to 15 minutes for each counsel and the third round to 10 minutes each. Under CPL 270.15 (1) (c), the court is directed to prevent questioning of prospective jurors that is repetitious or irrelevant *(see, People v Boulware,* 29 NY2d 135, *cert denied* 405 US 995; *People v Pepper,* 59 NY2d 353), and the trial court properly intended to do this by imposing time limits. Moreover, the record indicates that counsel was given a "fair opportunity * * * to question about matters, not previously explored, which [were] relevant and material" *(People v Boulware,* 29 NY2d 135, 140, *supra).* The defendant has failed to demonstrate that the chosen jurors were not impartial or unbiased *(see, People v Pepper,* 59 NY2d 353, *supra).*

The defendant was properly adjudicated a persistent felony offender under Penal Law § 70.10 because the People met their burden of establishing that he had been previously convicted of two felonies for which he had received sentences in excess of one year (CPL 400.20 [5]; *see, People v Harris,* 61

NY2d 9). The defendant's bare conclusory allegation that his 1960 Pennsylvania conviction for burglary and larceny was not constitutionally obtained cannot remove that conviction from persistent felony offender consideration (see, CPL 400.20 [6]; see, People v Harris, supra; People v Sasso, 99 AD2d 558). Moreover, there is no support in the record for a finding that the defendant's guilty plea to the 1960 charges was not knowingly, voluntarily or intelligently entered (see, People v Terry, 117 AD2d 761, lv denied 67 NY2d 951).

Finally, the defendant's remaining contentions are also without merit. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.