■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM S. BARRY, Appellant.—Judgment unanimously affirmed. Memorandum: The time limitation on voir dire imposed by the court did not violate defendant's due process rights where, as here, the trial court conducted an extensive voir dire and, after completing its interrogation, furnished counsel equal time to pursue any other relevant questioning (see, People v Boulware, 29 NY2d 135, cert denied 405 US 995; People v Lucks, 83 AD2d 516). The trial court necessarily has broad discretion to control and restrict the scope of the voir dire examination (CPL 270.15 [1] [c]; People v Fernandez, 125 AD2d 932, lv denied 69 NY2d 880).

From our review of the record, we can find no basis to conclude, as a matter of law, that the trial court's denial of defense counsel's application to excuse certain jurors "for cause" constituted reversible error (see, People v Provenzano, 50 NY2d 420); the record is devoid of any such application.

Finally, the sentencing court's imposition of a six-month definite term upon defendant's conviction for driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3], [5]) cannot be said to be an abuse of discretion. (Appeal from judgment of Ontario County Court, Reed, J.—felony driving while intoxicated.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.