■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NYEIRERE JEAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 28, 1987, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in imposing a time limit of 15 minutes on each attorney's voir dire of prospective jurors in the first two rounds and 10 minutes for examination of prospective jurors in the third round *(see, People v Brown,* 131 AD2d 582, *lv denied* 70 NY2d 709; *People v Lucks,* 83 AD2d 516; *cf., People v Pepper,* 59 NY2d 353; CPL 270.15 [1] [c]). The record fails to indicate that this procedure denied counsel a fair opportunity to question the prospective jurors about relevant and material matters *(see, People v Boulware,* 29 NY2d 135, *cert denied* 405 US 995;

*People v Pepper, supra),* particularly since the trial court had previously questioned the prospective jurors and had elicited information in response to questionnaires which was relevant to challenges for cause.

The defendant's contention that the court's charge to the jury constructively amended the indictment is without merit. Although a court may not, by its instructions to the jury, permit the prosecution to proceed on a theory that differs from that alleged in the indictment *(see, e.g., People v Charles,* 61 NY2d 321; *People v Kaminski,* 58 NY2d 886; *People v Spann,* 56 NY2d 469), here the court's instructions did not alter the theory of the prosecution. The indictment provided the defendant with fair notice that the attempted murder charge was based on an allegation that he had intentionally pushed the complainant out of a window while the two assault charges alleged more generally that his course of conduct had caused the complainant serious physical injury. The People's response to the defendant's request for a bill of particulars did not alter the factual allegations in the indictment: The court therefore properly refused the defendant's request that it instruct the jury, with respect to the assault counts, that the People had to prove beyond a reasonable doubt that he pushed the complainant out of a window.

We find that the defendant's remaining contentions are either unpreserved for appellate review or without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.