■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. GARROW, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 25, 1988, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

Defendant was indicted on charges of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child based upon an incident in which he allegedly forced a 13-year-old boy to perform an act of oral sodomy upon him. The victim asserts that the incident occurred in a chicken coop near defendant's residence in the Town of Pittsfield, Otsego County, in August 1985. However, it was not reported to the police until February 1987. After a jury trial, defendant was convicted as charged and sentenced to concurrent terms of imprisonment of 7 to 21 years, 2⅓ to 7 years and one year. This appeal followed.

We affirm. Contrary to defendant's assertion, County Court did not abuse its discretion in imposing a time limit on each attorney's voir dire of prospective jurors of 10 minutes in each of the first three rounds and three minutes in the fourth round *(see,* CPL 270.15 [1] [c]; *People v Jean,* 146 AD2d 803; *People v Brown,* 131 AD2d 582, *lv denied* 70 NY2d 709). The Trial Judge necessarily has broad discretion to control and restrict the scope of the voir dire examination *(see, People v Boulware,* 29 NY2d 135, *cert denied* 405 US 995). From our

review of the record, we cannot say "that fair opportunity [has not been] accorded counsel to question about matters, not previously explored, which are relevant and material to the inquiry at hand" *(supra,* at 140; *see, People v Pepper,* 59 NY2d 353, 358-359; *People v Fernandez,* 125 AD2d 932, *lv denied* 69 NY2d 880), particularly since County Court conducted an extensive preliminary examination of the prospective jurors after counsel provided the court with relevant questions *(see, People v Barry,* 134 AD2d 917; *People v Lucks,* 83 AD2d 516).

Next, we reject defendant's claim that the prosecution's failure to turn over *Rosario* material consisting of notes taken from an interview of the 13-year-old victim requires reversal and dismissal of the indictment. Initially, the issue has not been preserved since our review of the record discloses no motion to strike the testimony of the victim or the investigator on this ground or for a mistrial or dismissal of the indictment. Upon timely request, County Court was empowered to impose an appropriate sanction *(see, People v Martinez,* 71 NY2d 937, 940 [adverse inference charge given]; *People v Lunney,* 84 Misc 2d 1090 [investigator precluded from testifying about the interview]). Clearly, "the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm" *(People v Kelly,* 62 NY2d 516, 521). Moreover, were we to reach the merits, defendant's claim appears disingenuous in view of the availability of essentially duplicative material. The notes taken from the interview were duplicated in the written, signed statement prepared shortly thereafter, a copy of which was provided to defense counsel. Thus, the failure to turn over the notes did not constitute error *(see, People v Payne,* 52 NY2d 743, 745; *People v Consolazio,* 40 NY2d 446, 454-455, *cert denied* 433 US 914; *People v Atkinson,* 122 AD2d 385, 387, *lv denied* 68 NY2d 912).

Defendant next contends that County Court erred in refusing to suppress a statement he allegedly made to the arresting officer because the CPL 710.30 notice lacked the specificity of the arresting officer's notes. We disagree. Pursuant to CPL 710.30, the prosecution notified defendant that his statement "that he was in the chicken coop with the boy and that an incident had occurred" would be introduced. During the course of a *Huntley* hearing and at trial, however, the arresting officer testified that defendant had stated that he had been in the chicken coop with the 13-year-old boy and that he might have touched the boy's penis while wrestling. In our view, the alleged inadequacy of the prosecution's notice does not require exclusion of defendant's statement under the

circumstances present here. The notice "need not contain a verbatim report of a defendant's oral statement" *(People v Ludolph,* 63 AD2d 77, 80). The central purpose of this statute is served where, as here, defendant is provided with an opportunity to challenge the admissibility of the statement to be used against him *(see, People v O'Doherty,* 70 NY2d 479, 488; *People v Willsey,* 148 AD2d 764, 766; *People v Brooks,* 121 AD2d 392).

The remaining arguments are similarly unpersuasive. Since defendant's *pro se* application immediately prior to jury selection sought his designation as cocounsel, and a defendant "represented by counsel, [has] no constitutional right to act as cocounsel" *(People v Hazen,* 94 AD2d 905, 907; *see, People v Mirenda,* 57 NY2d 261, 265-266; *People v Culhane,* 45 NY2d 757, 759, *cert denied* 439 US 1047), the request was addressed to the sound discretion of County Court. In our view, County Court did not abuse its discretion in denying the application *(see, People v Hazen, supra; see also, People v Richardson,* 4 NY2d 224, 228-229, *cert denied* 357 US 943). Finally, it is entirely proper for the court to clarify "confusing testimony and [facilitate] the orderly and expeditious progress of the trial", provided this power is exercised with judicious restraint *(People v Yut Wai Tom,* 53 NY2d 44, 57; *see, People v Moulton,* 43 NY2d 944, 945; *People v Tucker,* 140 AD2d 887, 891, *lv denied* 72 NY2d 913). We conclude that County Court's brief questioning of the victim to clarify his testimony was a minor intrusion and, thus, permissible *(see, People v Cunningham,* 106 AD2d 683, 684).

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.