THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT L. WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends on appeal that the court erred in conducting his trial in absentia. We disagree. On May 5, 1988, the court informed defendant that "the trial now has been set for Monday, May 16th. It will probably be eleven o'clock because of the other commitments that morning. So eleven o'clock the trial will commence. You have to be there. Of course, the trial could be held without you, you understand that?" Defendant acknowledged that he understood the court's admonition. On May 16, 1988, the case was called for trial, but defendant did not appear. Defense counsel indicated that her office had received a message that defendant was ill, but that her attempts to contact him had been unsuccessful. The court granted an adjournment until the following day. Defendant failed to appear the following day and defense counsel noted that she had received no response to any of the messages she had left. The court noted that defendant previously had been informed of the trial date and the consequences of his nonappearance and that no further adjournment would be granted because of the possible unavailability of three prosecution witnesses, two of whom were nonresidents. The court proceeded with the trial in defendant's absence.

A defendant has a fundamental right to be present at all

material stages of a trial *(see, People v Mehmedi,* 69 NY2d 759, 760, *rearg denied* 69 NY2d 985). The right is embraced within the confrontation clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const 6th Amend) and the Criminal Procedure Law (CPL 260.20, 340.50). A waiver of the right, therefore, to be effective must be voluntary, knowing and intelligent *(see, People v Parker,* 57 NY2d 136, 140; *People v Epps,* 37 NY2d 343, 350, *cert denied* 423 US 999). "In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appeal for trial" *(People v Parker, supra,* at 141). This requires "that defendant simply be aware that trial will proceed even though he or she fails to appear" *(People v Parker, supra,* at 141).

Under the circumstances of this case, we find that defendant's nonappearance constituted a waiver of his right to be present at trial *(see, People v Parker, supra; People v Quamina,* 161 AD2d 1110, *lv denied* 76 NY2d 943).

We reject defendant's contention that the court abused its discretion in conducting the trial in absentia *(see, People v Parker, supra,* at 142). The court delayed the trial for one day to give defendant ample opportunity to be present or for his attorney to offer a reasonable explanation for his failure to appear *(see, People v Quamina, supra).* No further explanation was proffered regarding defendant's absence. The record demonstrates that one prosecution witness could not be located, another witness was "fairly elderly", and a third witness was a nonresident whose testimony was sought pursuant to a material witness order (CPL 620.10). For the foregoing reasons, we conclude that the court properly exercised its discretion to proceed with the trial in defendant's absence.

Defendant's conviction is supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We have reviewed defendant's remaining contentions and find them either to be unpreserved for our review, or, where preserved, lacking in merit. (Appeal from Judgment of Monroe County Court, Wisner, J.—Grand Larceny, 3rd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.