Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO ALICEA, Appellant. [714 NYS2d 611] —Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 15, 1998, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree.

Two young men were stabbed during a street altercation in the City of Troy, Rensselaer County, with one of them receiving life-threatening injuries. At his own request, defendant testified before the Grand Jury investigating the matter (*see,* CPL 190.50 [5] [a]). After defendant was indicted on charges of attempted murder in the second degree, assault in the first degree and assault in the second degree, he moved to dismiss the indictment alleging prosecutorial misconduct during the Grand Jury proceedings. County Court denied the motion and, after a jury trial, defendant was convicted of assault in the first degree and assault in the second degree. He was sentenced to consecutive prison terms of 12½ to 25 years on the assault in the first degree conviction and 3½ to 7 years on the assault in the second degree conviction. Defendant now appeals and we affirm.

There is no merit to defendant's contention that County Court erred in denying his motion to dismiss the indictment. According to defendant, the prosecutor's cross-examination of him in front of the Grand Jury exceeded the bounds of proper advocacy and resulted in a defective Grand Jury proceeding within the meaning of CPL 210.35 (5). "Dismissal of indictments under CPL 210.35 (5) should * * * be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury. The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (*People v Huston*, 88 NY2d 400, 409). Defendant does not claim

an overall pattern of prosecutorial bias and misconduct but, rather, relies upon isolated instances of alleged prosecutorial misconduct during cross-examination. "[I]solated instances of misconduct will not necessarily impair the integrity of the Grand Jury proceedings or lead to the possibility of prejudice" (*id.*, at 409) and defendant had a meaningful opportunity to provide the Grand Jury with his own version of the events before he was cross-examined (*compare, People v Smith*, 215 AD2d 940, 941, *lv denied* 86 NY2d 802, *with People v Miller*, 144 AD2d 94, 97). Based upon our consideration of the relevant facts and circumstances, we conclude that this was not one of those rare cases where irregularities in presenting the case to the Grand Jury rose to the level of impairing those proceedings or potentially prejudicing the ultimate decision reached by the Grand Jury (*see, People v Meglio*, 235 AD2d 434, *lv denied* 89 NY2d 1038).

Defendant next contends that County Court erred when, after defendant testified on direct examination, it modified its pretrial *Sandoval* ruling (*see, People v Sandoval*, 34 NY2d 371) to permit the prosecutor to cross-examine defendant at trial about a disorderly conduct conviction which arose out of an incident that occurred the same day as the crimes charged in the indictment. Notably, once a defendant decides to testify in good-faith reliance on a *Sandoval* ruling, the trial court's authority to modify that ruling is limited to instances where the defendant or a defense witness testifies to facts that are in conflict with the precluded evidence (*see, People v Fardan*, 82 NY2d 638, 646). On direct examination, defendant testified that he did not normally carry a knife and denied that he had ever assaulted anyone with a knife or other weapon or that he had ever intentionally injured anyone with his fists. Moreover, defendant responded in the negative when asked by defense counsel if he had "[e]ver been arrested for assault or anything like that before this." County Court correctly concluded that defendant's direct testimony—which created the impression that defendant was not the type of person who resorted to violence or carried a knife—opened the door to cross-examination regarding the facts underlying the disorderly conduct conviction, which revealed that he had threatened his wife and, when arrested, was found in possession of a knife, thereby contradicting defendant's direct testimony (*see, id.*; *People v Veneracion*, 268 AD2d 363, *lv denied* 94 NY2d 926; *People v Marsh [Sharp]*, 248 AD2d 743, *lvs denied* 92 NY2d 856, 860). In addition, County Court gave appropriate limiting instructions (*see, People v Rodriguez*, 85 NY2d 586, 591-592).

Also lacking in merit is defendant's claim that, despite the

absence of a timely objection, County Court's discharge of the alternate jurors without his consent in violation of CPL 270.30 (1) constitutes reversible error. While County Court erred in discharging the alternates without the consent of either defendant or the prosecution (*see*, CPL 270.30 [1]) and in the presence of the regular jurors, defendant failed to preserve these issues for appellate review by not making a timely objection (*see*, CPL 470.05 [2]). In our view, these errors are not of such constitutional dimension that they "affect the organization of the court or the mode of proceedings proscribed by law" so as to fit within the very narrow exception to the preservation requirement (*see*, *People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197). Thus, County Court's deviation from the statutory mandate must be preserved to present a question of law (*see*, *People v Agramonte*, 87 NY2d 765, 770-771; *cf.*, CPL 270.35 [1] [statutory mandate that defendant must consent *in writing* and *in open court* to the substitution of an alternate juror after deliberations have begun]; *People v Page*, 88 NY2d 1).

Finally, considering defendant's lengthy criminal history, the violent nature of the crimes and the absence of extraordinary circumstances, we find no basis to disturb the sentence imposed by County Court (*see*, *People v Parker [Charleston]*, 257 AD2d 693, 695, *lvs denied* 93 NY2d 1015, 1024; *People v Yusufi*, 247 AD2d 648, 651, *lv denied* 92 NY2d 863).

We have considered defendant's remaining contentions and find they are without merit.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.