(November 9, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTICE R. WALSTON, Appellant. [715 NYS2d 543] —Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 12, 1998, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted in February 1998 for attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, burglary in the first degree and menacing in the second degree stemming from an incident which occurred in the City of Troy, Rensselaer County, on July 1, 1997. Found guilty after a jury trial of the lesser included offense of assault in the second degree only, defendant was sentenced as a second felony offender to a determinate prison sentence of seven years to run consecutively to an undischarged Federal prison sentence.

The trial testimony revealed that on July 1, 1997 defendant went to the Griswold Heights apartments to talk to the victim, Michael Williams (also known as "Blacko"), about an injury sustained some days before by an elderly woman whom defendant considered to be his grandmother. Enroute to Williams' residence, defendant came into contact with a friend who gave him a .45-caliber pistol and met another acquaintance, Cedrick Miller, who followed along with him. As defendant approached Williams' residence he was observed by Tina Terry, Williams' live-in girlfriend, who testified that defendant appeared "real angry looking."

Defendant and Miller entered the apartment, although it was disputed whether they let themselves in by opening the screen door or were let in by Williams. An argument between Williams and defendant ensued and Williams testified that while he was seated in a chair in front of defendant, defendant pointed the gun at him and fired, striking him in the abdomen. Defendant did not deny the gun he was holding shot Williams, but claimed that the shooting was an accident, since Williams grabbed the gun as Williams tried to stand up, causing the gun to discharge. Williams then ran out of the apartment and collapsed; he was treated at an Albany hospital for what were described as life-threatening injuries from which he recovered.

At the conclusion of the trial County Court charged the jury on each count of the indictment and assault in the second degree involving reckless assault (*see,* Penal Law § 120.05 [4]) as a lesser included offense of assault in the first degree. The jury acquitted defendant of the four class B felonies charged in the indictment and convicted him of assault in the second degree. County Court imposed the maximum sentence and defendant now appeals.

On appeal defendant argues that (1) defendant was denied his constitutional right to a fair trial and statutory right to question prospective jurors regarding their qualifications by County Court's refusal to let defense counsel question them about their willingness to hold the People to their burden of proving guilt beyond a reasonable doubt, (2) the court committed reversible error in discharging the alternate jurors in the presence of the entire jury and without counsel's consent on the record, and (3) the court erred by not satisfying the jury's request for the readback of the testimony of certain witnesses bearing on sharply contested issues thereby seriously prejudicing defendant. In his *pro se* brief defendant argues that assault in the second degree is not a lesser included offense of assault in the first degree and should not have been charged, and that by charging the law on a crime which did not require intent but mere recklessness as an element, the indictment was effectively amended by the court. Defendant also argues that *Rosario* materials were not provided to the defense and that he received ineffective assistance from trial counsel.

Defendant's claim that defense counsel's questioning of prospective jurors regarding the People's burden to prove his guilt beyond a reasonable doubt was curtailed by County Court thereby depriving him of a fair trial is without merit. The People's objections to defense counsel's questions "[i]f they thought that the verdict really should be guilty, but they had a reasonable doubt, anybody think they might have a problem" and "[i]f you still thought it was possible, or that defendant could be guilty but you had a reasonable doubt, could you acquit in that case? [a]nybody think they would have a problem" were sustained by County Court. Defendant's brief candidly admits the lack of appellate authority supporting defendant's claim on this issue and we find no reason to provide any here. A trial court has broad discretion in controlling voir dire (*see, People v Pepper,* 59 NY2d 353, 358; *People v Porter,* 226 AD2d 275, 276). Our review of the record reveals that defendant has not demonstrated that County Court abused that discretion (*see, People v Pepper, supra,* at 359) nor failed to af-

ford defense counsel a fair opportunity to question prospective jurors regarding relevant issues (*see, People v Jean*, 75 NY2d 744, 745; *People v Boulware*, 29 NY2d 135, 140; *see also*, CPL 270.15 [1] [c]), thereby prejudicing defendant's case (*see, People v Pepper, supra*, at 359).

Defendant next argues that County Court's dismissal of the two alternate jurors in the presence of the regular jurors without notice and without the parties' consent was reversible error as it violated the unambiguous mandate of CPL 270.30 (1) and was a substantial departure from the organization of the court or the mode of proceedings prescribed by law. This alleged error was not preserved for review as defendant did not object to the discharge of the two alternate jurors nor move for a mistrial. While errors that would affect the organization of the court or mode of proceedings prescribed by law are non-waivable (*see, People v Patterson*, 39 NY2d 288, 295-296, *affd* 432 US 197), the Court of Appeals has declared that violations of CPL 270.30 are not immune from traditional preservation requirements and must be preserved to present a question of law (*see, People v Agramonte*, 87 NY2d 765, 770-771; *People v Alicea*, 276 AD2d 915).

Defendant next claims that reversible error was committed by the failure of County Court to have the testimony of certain witnesses read back, their testimony being relevant to sharply contested issues. While failure to respond to a jury's request for a readback of testimony has been held to constitute reversible error (*see, People v Lourido*, 70 NY2d 428, 435), the supplemental record reflects that the requested testimony was read back for the jury prior to its reporting that it had reached a verdict, rendering this claim meritless.

Defendant's *pro se* arguments are similarly unavailing. The Court of Appeals has expressly held that assault in the second degree under Penal Law § 120.05 (4) (reckless assault) is a lesser included offense of assault in the first degree where a gun is involved (*see, People v Green*, 56 NY2d 427). That case also negates defendant's argument that County Court somehow "amended" the indictment by charging that a finding of recklessness rather than an intentional act by defendant satisfies the elements of one of the crimes they were to consider (assault in the second degree) because lower states of mental culpability (e.g., recklessness) are necessarily included in the higher forms of mental culpability (intent) (*see, id.*). Defendant's next argument, that the defense did not receive the prior statements of witnesses (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; *see also*, CPL 240.45 [1] [a]) prior to the witness testifying at trial, is not supported by the record.

Finally, our review of the record reveals that defendant received meaningful representation from defense counsel as that standard has been enunciated in this State (*see, People v Benevento*, 91 NY2d 708, 712; *People v Wiggins*, 89 NY2d 872, 873; *People v Baldi*, 54 NY2d 137, 147; *People v Fancher*, 267 AD2d 770, 771, *lv denied* 94 NY2d 919; *People v Foote*, 228 AD2d 720). Defense counsel made appropriate motions, secured a *Sandoval* ruling, asked pertinent questions and interposed timely objections at trial, all of which played no small part in the favorable jury verdict received by defendant.

Mercure, J. P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.