THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COSME BURGOS, Appellant. (Appeal No. 2.) [738 NYS2d 271] —Appeal from a judgment of Ontario County Court (Doran, J.), entered July 7, 2000, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant further contends that County Court erred in admitting the cocaine in evidence at trial because of a deficiency in the chain of custody. "Deficiencies in the chain of custody of property go to the weight rather than the admissibility of that evidence, as long as the requirements of proof of identity and unchanged condition are met" (*People v Caldwell,* 221 AD2d 972, 973, *lv denied* 87 NY2d 920; *see, People v Julian,* 41 NY2d 340, 343). Here, the trial testimony of the undercover police officer provided reasonable assurances that the cocaine taken from defendant was the same as that analyzed in the police laboratory (*see, People v Julian, supra* at 343; *People v Cleveland,* 273 AD2d 787, 788, *lv denied* 95 NY2d 864). Finally, the contention of defendant that the court erred in denying his application for new assigned counsel is without merit (*see, People v Burgos,* 291 AD2d 904 [decided herewith]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Gorski, JJ.