■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant. [762 NYS2d 462] —Appeal from a judgment of Wayne County Court (Kehoe, J.), entered December 19, 2000, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We reject defendant's contention that County Court erred in admitting the cocaine in evidence because there was a deficiency in the chain of custody. " 'Deficiencies in the chain of custody of property go to the weight rather than the admissibility of that evidence, as long as the requirements of proof of identity and unchanged condition are met' " (*People v Burgos*, 291 AD2d 907, 908 [2002], *lv denied* 97 NY2d 751 [2002]). The trial testimony of various witnesses established that the cocaine was taken from the undercover officer by a second officer, who packaged and tagged it and then heat-sealed the package and attached identification numbers to it. The package arrived for testing at the crime lab

sealed and unopened in the package bearing the identification numbers. Although there was no testimony concerning the precise manner in which the package was delivered to the crime lab, the forensic chemist who tested the drugs testified that the package and the cocaine were in an unaltered condition before she slit open the heat-sealed package. That testimony provided reasonable assurances of identity and thus established an adequate foundation for admission of the cocaine in evidence (*see People v Julian*, 41 NY2d 340, 343 [1977]).

We also reject the contention of defendant that he was deprived of his right to be tried by an unbiased jury by the court's denial of his request to ask the prospective jurors, "[I]n a proper case, do you serve our system of justice when you bring back a not guilty verdict?" " 'The Judge presiding necessarily has broad discretion to control and restrict the scope of the *voir dire* examination' " (*People v Horning*, 284 AD2d 916, 917 [2001], *lv denied* 97 NY2d 705 [2002]). On this record, defendant has not established that the court abused its discretion in denying his request (*see People v Walston,* 277 AD2d 593, 594 [2000], *lv denied* 96 NY2d 764 [2001]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence. Prosecution witnesses identified defendant as the seller of drugs in a controlled undercover purchase facilitated by an informant. The testimony of defendant that he was in a different city at the time of the purchase merely created a credibility issue that the jury was entitled to resolve in favor of the People (*see People v Williams*, 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]; *People v Cobian,* 185 AD2d 452 [1992], *lv denied* 81 NY2d 838 [1993]).

The sentence is not unduly harsh or severe. We have considered the remaining contentions of defendant, including those contained in his pro se supplemental brief, and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.