# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**912**

**KA 12-01679**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

AIMAN H. ABUJUDEH, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN N. BAUERSFELD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 5, 2012. The judgment convicted defendant, upon a jury verdict, of willful possession or transport of unstamped cigarettes, unlicensed operation of a motor vehicle and speeding in a work zone.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, willful possession or transport of unstamped cigarettes (*see* Tax Law § 1814 [c] [1]). We reject defendant's challenges to County Court's exercises of discretion. The court properly exercised its discretion in conducting the trial in his absence (*see People v Parker*, 57 NY2d 136, 142). The court issued repeated *Parker* warnings to defendant and, when defendant failed to appear, it conducted a sufficient inquiry to warrant the conclusion that his "nonappearance constituted a waiver of his right to be present at trial" (*People v Williams*, 170 AD2d 968, 969, *lv denied* 77 NY2d 968; *see People v Toomer*, 272 AD2d 990, 991, *lv denied* 95 NY2d 872). The court also properly exercised its discretion in limiting defendant's cross-examination of a prosecution witness (*see People v Bryant*, 73 AD3d 1442, 1443, *lv denied* 15 NY3d 850).

Contrary to defendant's contention, we conclude that the People established a proper foundation for the admission of the cigarettes in evidence (*see People v Foley*, 257 AD2d 243, 254, *affd* 94 NY2d 668, *cert denied* 531 US 875; *People v Jackson*, 306 AD2d 910, 910-911, *lv denied* 100 NY2d 595, *reconsideration denied* 1 NY3d 540), and "any irregularities in the chain of custody went to the weight of the evidence rather than its admissibility" (*People v Washington*, 39 AD3d 1228, 1230, *lv denied* 9 NY3d 870). Viewing the evidence in light of

the elements of the crime of willful possession or transport of unstamped cigarettes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).  Finally, defendant's contention with respect to the alleged violation of his right to seek remission of his forfeited bail is not properly raised on the appeal from his judgment of conviction (*see People v Baron*, 133 AD2d 833, 834-835, *lv denied* 70 NY2d 929).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court