People v Garcia (2022 NY Slip Op 02959)





People v Garcia


2022 NY Slip Op 02959


Decided on May 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 


Ind. No. 2648/17 Appeal No. 15854-15854A Case No. 2019-1986, 2020-04129 

[*1]The People of the State of New York, Respondent,
v
George Garcia, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered January 4, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), and sentencing him to concurrent terms of 3½ years; and order, same court (Daniel Conviser, J.), entered on or about August 10, 2020, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed. The matter is remitted to Supreme Court for surrender proceedings pursuant to CPL 460.50(5).
The court providently exercised its discretion in its limitations on voir dire (see generally People v Jean, 75 NY2d 744, 745 [1989]; People v Pepper, 59 NY2d 353, 358-359 [1983]). The court appropriately prohibited counsel from questioning prospective jurors regarding their views on self-defense, because justification was not a defense to the weapon possession charges that defendant faced (see People v Pons, 68 NY2d 264, 265 [1986]). While justification could negate the unlawful intent element of one of the two weapon charges (Penal Law 265.03[1][b]), defendant did not present a factual basis for such a claim. With regard to the panelists' attitudes toward firearms, firearm licensing and ownership, mass shootings, and similar matters, the court permitted a sufficient scope of inquiry, including in the final round of jury selection, and counsel received "a fair opportunity to question prospective jurors about relevant matters" in each round (People v Steward, 17 NY3d 104, 110 [2011]; CPL 270.15[1][c]).
Defendant's sentence, the minimum allowed by law, was not unconstitutional under the Eighth Amendment or otherwise, and the motion court correctly declined to set aside the sentence pursuant to CPL 440.20. Defendant, who seeks reduction of his sentence to time served, argues that his medical conditions place him at a high risk of serious illness or death in the event that he is infected with COVID-19, and that his risk of being infected while incarcerated is such that any further incarceration would be unconstitutional. Defendant cites factors that are relevant, in the COVID context, to release on bail or recognizance (see People ex rel. Stoughton v Brann, 185 AD3d 521, 526 [1st Dept 2020]), and the motion court considered such factors when it granted defendant's separate application for midsentence bail pending appeal (70 Misc 3d 206 [Sup Ct, NY County 2020]). However, the issue before us is the distinct question of the constitutionality of the sentence (see People v Thompson, 83 NY2d 477, 480 [1994]; People v Broadie, 37 NY2d 100 [1975], cert denied 423 US 950 [1975]), and defendant has not shown that, either as of the time of his motion or at the present time, his risk of contracting COVID if reincarcerated is so extreme as to render his sentence unconstitutional.
Because defendant received the minimum sentence permitted by law and has not yet satisfied that sentence, we have no authority to reduce the sentence to time served as [*2]a matter of discretion in the interest of justice (CPL 470.20[6]), and we reject defendant's arguments to the contrary. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022