■ The People of the State of New York, Respondent, v James M., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered November 2, 1988, adjudicating him a youthful offender, upon a nonjury verdict finding him guilty of attempted rape in the first degree, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant's testimony established, *inter alia,* that the defendant and his codefendant persuaded her to accept a ride home from them but instead drove her to a dark and deserted parking lot, ignoring her protests and pleas to take her home. There, the codefendant pushed her up against the side of the car and struggled with her to unzip her jeans while the defendant stood right beside her. The defendant then waited outside the car while his codefendant raped the complainant in the back seat. Seconds after his codefendant was through, the defendant got into the car and attempted to do the same. Contrary to the defendant's contention, we find that the People proved that he attempted to engaged in sexual intercourse with the complainant by "forcible compulsion" (Penal Law § 130.00 [8]; § 130.35 [1]).

The defendant contends that the complainant's testimony was incredible as a matter of law. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions were considered and rejected by this court upon his codefendant's appeal *(see, People v Calabro,* 157 AD2d 736). The defendant has not presented any arguments that would require a different result. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.