■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO LLAMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered April 18, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We find that the hearing court properly denied suppression of the defendant's statements to the police since these statements were not the result of a custodial interrogation *(see,*

*People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The circumstances leading up to the defendant's inculpatory statements were entirely consistent with an investigatory rather than a custodial interview. Indeed, a reasonable person, innocent of any crime, would have believed that he was free to leave the presence of the police had he been in the defendant's position *(see, People v Yukl, supra; People v Matus,* 166 AD2d 464; *People v Watson,* 158 AD2d 731; *People v Bailey,* 140 AD2d 356; *People v Oates,* 104 AD2d 907). Nor were the defendant's statements to the police the product of impermissible coercion. Neither the characteristics of the defendant, nor the conduct of the law enforcement officials, nor the conditions of the interrogation, indicate that the defendant's statements were involuntarily made *(see, Schneckloth v Bustamonte,* 412 US 218; *Clewis v Texas,* 386 US 707; *People v Anderson,* 42 NY2d 35).

Contrary to the contention of the defendant, the trial court properly admitted photographs of the victim into evidence. The photographs were probative of the defendant's state of mind, corroborated expert medical testimony as to the victim's cause of death, and corroborated the defendant's own account of the murder. Further, the trial court balanced the photographs' probative value against their potential for prejudice by limiting the number of photographs admitted into evidence and by deleting certain immaterial portions of the photographs *(see, People v Stevens,* 76 NY2d 833; *People v Pobliner,* 32 NY2d 356; *People v Miller,* 170 AD2d 623). Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.