■ The People of the State of New York, Respondent, v Thomas Williams, Appellant. [720 NYS2d 858] —Judgment unanimously affirmed. Memorandum: In 1995 defendant was convicted of burglary in the second degree (Penal Law § 140.25 [1] [b]) and other crimes. The People applied to have defendant adjudicated a persistent felony offender, and a hearing was held. Before Supreme Court issued a decision, however, the People applied to have defendant sentenced as a persistent violent felony offender. Defendant admitted to that status, and the court sentenced defendant to an indeterminate term of incarceration of 10 years to life. This Court modified the judgment by reversing the conviction under specified counts and granted a new trial on those counts (see, People v Williams, 237 AD2d 982, lv denied 90 NY2d 866). Following the retrial, defendant was acquitted of burglary in the second degree and

convicted of the lesser included offense of burglary in the third degree (Penal Law § 140.20). Because burglary in the third degree is not classified as a violent felony, defendant was not subject to sentencing as a persistent violent felony offender. When the People applied to have defendant sentenced as a persistent felony offender, defendant objected on the ground that the People had elected to have defendant sentenced as a persistent violent felony offender and thus were barred by that election from now seeking to have defendant sentenced as a persistent felony offender. Supreme Court rejected defendant's argument and adjudicated defendant a persistent felony offender based upon the evidence adduced at the 1995 hearing. The court determined, however, that the mandatory minimum sentence of 15 years to life would be unconstitutional as applied to defendant and instead sentenced defendant to an indeterminate term of incarceration of 10 years to life.

Defendant failed to preserve for our review his contention that the People were collaterally estopped from seeking to have him sentenced as a persistent felony offender (*see,* CPL 470.05 [2]). In any event, we conclude that defendant's contention is without merit. We likewise reject defendant's contention that the sentence was vindictive. The court stressed that defendant's lengthy criminal record was the "driving force behind its sentencing decision" (*People v Young,* 94 NY2d 171, 180, *rearg denied* 94 NY2d 876). Based on this record, we conclude that there is no reasonable likelihood that the sentence was the result of vindictiveness (*see, People v Young, supra,* at 180-181).

The court properly granted the People's challenge for cause to a prospective juror who, after a lengthy colloquy, was unable to state unequivocally that she would render an impartial verdict (*see, People v Thorn,* 269 AD2d 756, 757-758). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.