■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. HORNING, Appellant. [728 NYS2d 319] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a second jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and sentencing him to a term of imprisonment of 8⅓ to 25 years. This Court reversed the judgment of conviction following the first trial on the ground that the jury verdict convicting defendant of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and manslaughter in the first degree (Penal Law § 125.20 [1]) was repugnant, and we granted a new trial (*People v Horning*, 263 AD2d 955, *lv denied* 94 NY2d 824). Defendant contends that his due process rights were violated when County Court imposed a more severe sentence on the manslaughter conviction than that imposed on the same charge following the first trial. We disagree. "Due process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial" (*North Carolina v Pearce*, 395 US 711, 725). The application of the presumption of vindictiveness set forth in *Pearce* is limited to circumstances "in which there is a 'reasonable likelihood,' *United States* v. *Goodwin*, [457 US 368, 373], that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority" (*Alabama v Smith*, 490 US 794, 799; *see, People v Young*, 94 NY2d 171, 177-178, *rearg denied* 94 NY2d 876). There is no showing of vindictiveness in this case. The court set forth sufficient reasons for the increase in the sentence, i.e., that the sentence imposed on the manslaughter conviction following the first trial was concurrent with a longer sentence and defendant failed to express any remorse after having been convicted following the second trial.

Contrary to defendant's contention, the court properly refused to give a circumstantial evidence charge because there was both direct and circumstantial evidence of guilt (*see, People v Barnes*, 50 NY2d 375, 379-380). We further reject defendant's contention that the court erred in limiting defense counsel's voir dire concerning the burden of proof. "The Judge presiding necessarily has broad discretion to control and restrict the scope of the *voir dire* examination" (*People v Boulware*, 29 NY2d 135, 140, *rearg denied* 29 NY2d 670, *cert denied* 405 US 995), "to prevent this most time-consuming phase of a jury trial from becoming unduly protracted" (*People v Pepper*, 59 NY2d 353, 358; *see also, People v Vargas*, 88 NY2d 363, 377; *People v Drumgoole*, 234 AD2d 888, 889, *lv denied* 89 NY2d 1011).

The court properly denied defendant's motion to dismiss the indictment on the ground that the Grand Jury proceedings were defective. It cannot be said here that "the integrity of the proceedings [was sufficiently impaired] as to warrant dismissal of the indictment" (*People v Huston*, 88 NY2d 400, 411). Finally, the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Wayne County Court, Parenti, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.