OPINION OF THE COURT
Peter J. Benitez, J.
On November 18, 1998, defendant was convicted, after a jury-trial, of two counts of robbery in the first degree (Penal Law § 160.15 [1] [causes serious physical injury], [4] [displays what appears to be a firearm]), two counts of assault in the first degree (Penal Law § 120.10 [1] [intentionally causes serious physical injury], [4] [felony assault]), and criminal possession of a weapon in the second degree (Penal Law § 265.03). This court sentenced defendant to three indeterminate terms of incarceration of from I2V2 to 25 years for first degree robbery (causes serious physical injury) and both first degree assault counts, and two indeterminate terms of incarceration of from 7V2 to 15 years for the remaining first degree robbery (displays what appears to be a firearm), and the weapon possession counts. The sentences for first degree robbery (displays what appears to be a firearm) and first degree assault (intentionally causes serious physical injury) were imposed consecutively to each other, and in all other respects the sentences were imposed concurrently, for an aggregate sentence of from 20 to 40 years.
In June 2001, defendant’s appellate attorney filed a brief on his behalf claiming, inter alia, that the court imposed improper consecutive sentences on appellant for his first degree robbery conviction based upon a theory that he displayed what appeared to be a pistol or revolver and his first degree assault conviction based upon a theory that he caused serious physical injury to one of the complainants by means of a deadly weapon or dangerous instrument. On November 19, 2002, the Appellate Division, First Department, unanimously affirmed defendant’s conviction and stated that:
“The court properly imposed consecutive sentences for defendant’s convictions of robbery in the first degree and assault in the first degree since the assault was not part of the robbery, but was an unnecessary afterthought. The evidence established that after the completion of the robbery, defendant *638 formed a new intent and committed a distinct criminal act by shooting the victim in the neck, rendering her quadriplegic. We perceive no basis for reducing the sentence.” (People v Murray, 299 AD2d 225, 225-226 [1st Dept 2002] [internal quotation marks and citation omitted], lv denied 99 NY2d 631 [2003].)
Defendant has now filed a pro se motion to set aside his sentence pursuant to CPL 440.20 on the grounds that his sentences should not have been consecutive and this court committed error pursuant to Apprendi v New Jersey (530 US 466 [2000]), in that it made a factual finding that “defendant formed a new intention ... to shoot and kill, [which] is not reflected or supported by the facts found in the jury’s verdict” (defendant’s affidavit).
Defendant’s motion must be denied for several reasons. Pursuant to CPL 440.20 (2), this court must deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence. Defendant’s claim that his sentences should not have been consecutive under New York’s statutory law (Penal Law § 70.25) was previously raised on his direct appeal and was rejected by the Appellate Division. (See People v Murray, 299 AD2d 225 [2002], supra.) The Appellate Division agreed with this court that the assault constituted a separate criminal act motivated by a new intent, warranting a consecutive sentence. While this court at sentencing mistakenly characterized defendant’s intent during the shooting as an intent to kill, thereby going beyond the jury’s verdict, which found an intent to inflict serious physical injury, its decision to impose a consecutive sentence based upon the commission of a separate act of assault was clearly based on the jury’s factual findings as revealed by its verdict.
Defendant also contends that the determination that the new intent and the act of shooting were an “afterthought,” which, under New York law, warrants a consecutive sentence, must now be submitted to the jury by virtue of Apprendi v New Jersey (530 US 466 [2000]). In other words, defendant contends that New York’s statutory law permitting consecutive sentences for two or more offenses based on factors arguably not determined by a jury violates defendant’s Sixth Amendment right to a trial by jury.
No New York court appears to have considered this question. Notably, it was not raised on defendant’s direct appeal. In *639 Apprendi v New Jersey (530 US at 474), the Supreme Court noted that, in deciding the constitutional question of whether a sentencing court could exceed the statutorily authorized maximum sentence for a particular crime based upon a judicial determination of racial bias, it was not addressing the question of whether the sentencing court could have achieved the same result by imposing consecutive sentences for the several counts on which that defendant was convicted. Several courts have considered the question raised here. The Supreme Court of Illinois held, “[w]e find that Apprendi concerns are not implicated by consecutive sentencing.” (People v Wagener, 196 Ill 2d 269, 286, 752 NE2d 430, 441 [2001]; see also, People v Vaughn, 122 Cal App 4th 1363, 19 Cal Rptr 3d 460 [Ct App, 2d Dist 2004]; United States ex rel. Hood v McAdory, 2004 WL 251830, 2004 US Dist LEXIS 1317 [ND Ill 2004].) Likewise, this court finds no basis to extend Apprendi to prohibit consecutive sentences imposed for separate counts of an indictment where no single sentence exceeds the statutorily authorized maximum sentence. Some would argue that the Supreme Court’s decision in Blakely v Washington (542 US —, 124 S Ct 2531 [2004]) now requires that the determination as to whether a certain statutory basis for consecutive sentences (Penal Law § 70.25 [2]) has been established must be submitted to the jury because it is a factual question. This court considers the question of whether consecutive sentences are authorized to be a legal question based on the jury’s verdicts. Until the Supreme Court, the New York Court of Appeals or the Appellate Division holds otherwise, this court will not invalidate New York’s statutory scheme that makes that determination a judicial one.
Accordingly, defendant’s motion to vacate his sentence is denied.