■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL BLUDSON, Appellant. [788 NYS2d 758]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 14, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of murder in the second degree (Penal Law § 125.25 [1], [3]) and burglary in the first degree (§ 140.30 [1], [2]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant contends that Supreme Court erred in permitting the People to cross-examine him with respect to statements that he made to prosecutors in 1998 concerning his involvement in the murder at issue. Defendant's contention is not properly before us. The record establishes that defendant previously agreed to the use of those statements in the event that he testified, while the People in exchange agreed that they would not cross-examine defendant with respect to another statement that he made. Thus, we conclude that defendant waived his present contention concerning the use of the statements made in 1998 (*see generally People v Matta*, 286 AD2d 944, 945 [2001], *lv denied* 97 NY2d 731 [2002]). Even assuming, arguendo, that defendant did not waive his present contention, we nevertheless conclude that it is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We note in addition that the court's alleged error cannot be said to constitute a "*fundamental* defect[ ] in judicial proceedings . . . [that] fall[s] within [the] very narrow category of so-called mode of proceedings errors" (*People v Williams*, 8 AD3d 963, 964 [2004], *lv denied* 3 NY3d 683 [2004], *cert denied* — US —, 125 SCt 911 [2005] [internal quotation marks omitted]).

The contention of defendant that the enhancement of his sentence after the retrial was vindictive is similarly not preserved for our review (*see* CPL 470.05 [2]) and, in any event, is without merit. The retrial and sentencing thereon were before a different justice (*see People v Young*, 94 NY2d 171, 178 [1999], *rearg denied* 94 NY2d 876 [2000]) and, in enhancing defendant's sentence following the retrial, the court noted that it was doing so because, in the court's view, defendant had committed perjury at the retrial (*see People v Yates*, 290 AD2d 888, 891 [2002]). Thus, the record before us does not support defendant's contention that there is a reasonable likelihood that the enhanced sentence was the result of vindictiveness (*see People v Horning*, 284 AD2d 916 [2001], *lv denied* 97 NY2d 705 [2002]; *see also People v Williams*, 280 AD2d 913, 914 [2001], *lv denied* 96 NY2d 909 [2001]). We have examined defendant's remaining contention concerning the enhanced sentence and conclude that it is lacking in merit (*see generally People v Murray*, 5 Misc 3d 636 [2004]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.