■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN A. DOMIN, Appellant. [843 NYS2d 516]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered January 12, 2006, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELENA GARDNER, Appellant. [844 NYS2d 162]—Appeals by the defendant, as limited by her motion, from three sentences of the County Court, Orange County (Rosenwasser, J.), all imposed October 21, 2005, on the ground that the sentences are excessive.

Ordered that the sentences are affirmed. No opinion. Prudenti, P.J., Crane, Santucci, Fisher and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN LAWRENCE, Appellant. [843 NYS2d 515]—Appeal by the defendant from a resentence of the County Court, Suffolk County (Kahn, J.), imposed July 15, 2005, upon his conviction of robbery in the second degree, upon a jury verdict.

Ordered that the resentence is affirmed.

The defendant's argument that the resentence imposed was the product of vindictiveness was not preserved for appellate review (see People v Norris, 34 AD3d 500, 501 [2006]). In any event, the record indicates that the County Court did not act vindictively in resentencing the defendant (see People v Irrizarry, 37 AD3d 1082, 1083 [2007]; People v Somerville, 33 AD3d 733, 734 [2006]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.