■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PORFIRIO R. OCAMPO, Appellant. [860 NYS2d 596]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered November 15, 2006, convicting him of sodomy (now criminal sexual act) in the first degree (two counts), upon a jury verdict, and sentencing him, as a second felony offender, to consecutive determinate terms of 20 years' imprisonment on each count.

Ordered that the judgment is modified, on the facts and as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on each count of sodomy in the first degree from a determinate term of 20 years' imprisonment to a determinate term of 10 years' imprisonment and making the sentences run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the evidence, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), was legally sufficient to establish his guilt beyond a reasonable doubt (see People v James M., 170 AD2d 696 [1991]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Gilmore, 252 AD2d 742, 743 [1998]).

The defendant's contention that the trial court improperly received, as evidence of a prompt complaint, a hand gesture the non-English speaking complainant made to a police officer which was construed to mean that "some sort of sexual intercourse had taken place" is unpreserved for appellate review (*see People v Castro*, 255 AD2d 331, 332 [1998]). In any event, the defendant's contention is without merit as the complaint was made at the first suitable opportunity and no impermissible details were adduced (*see People v McDaniel*, 81 NY2d 10, 17-18 [1993]; *People v Salazar*, 234 AD2d 322, 323 [1996]).

Similarly without merit is the defendant's contention that the court improperly permitted testimony of a sexual assault nurse examiner that her observations of the complainant's injuries were consistent with his history of sexual assault (*see People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Harris*, 249 AD2d 775, 776 [1998]).

The defendant's contention that the enhanced sentence imposed upon his retrial was the product of institutional vindictiveness and violative of his right to due process under the federal and state constitutions is unpreserved for appellate review (*see People v Lawrence*, 44 AD3d 967 [2007]; *People v Bludson*, 15 AD3d 912, 913 [2005]). In any event, as a matter of federal constitutional law, the fact that the defendant was sentenced by a different Judge is fatal to that claim (*see Texas v McCullough*, 475 US 134, 140 [1986]; *People v Young*, 94 NY2d 171, 178 [1999]). As a matter of state constitutional law, although the increased sentence raises a presumption of vindictiveness, that presumption was rebutted by the sentencing court, which affirmatively placed on the record "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," such as his perjurious testimony and lack of genuine remorse (*North Carolina v Pearce*, 395 US 711, 726 [1969]; *see People v Young*, 94 NY2d at 176-177; *People v Bludson*, 15 AD3d at 913; *People v Seavey*, 9 AD3d 742, 743 [2004]; *People v Horning*, 284 AD2d 916 [2001]). Nevertheless, the sentence imposed was excessive to the extent indicated.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Lifson, J.P., Florio, Carni and Belen, JJ., concur.