THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL IZAGUIRRE, Appellant. [35 NYS3d 655]—

Appeal by the defendant from a resentence of the Supreme Court, Nassau County (Diamond, J.), imposed June 14, 2012, upon his conviction of manslaughter in the first degree, upon a jury verdict, after remittitur from the United States District Court for the Eastern District of New York for resentencing (*see Izaguirre v Lee*, 856 F Supp 2d 551 [ED NY 2012]).

Ordered that the resentence is affirmed.

In 2005, the defendant was convicted of manslaughter in the first degree, upon a jury verdict, for fatally stabbing the victim. He was sentenced to a determinate term of imprisonment of 25 years to be followed by a period of five years of postrelease supervision. On his prior appeal, this Court affirmed the judgment of conviction (*see People v Izaguirre*, 51 AD3d 946 [2008]).

Leave to appeal to the Court of Appeals was denied (*see People v Izaguirre*, 13 NY3d 860 [2009]).

Thereafter, the defendant petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of New York, arguing, inter alia, that his sentence was unconstitutionally vindictive. The District Court determined that a writ of habeas corpus shall issue unless, within 90 days, the defendant was "resentenced before a judge other than the one who delivered" the initial sentence (*Izaguirre v Lee*, 856 F Supp 2d 551, 580 [ED NY 2012]). Upon remittitur, the defendant was resentenced by a different judge to a determinate term of imprisonment of 25 years to be followed by a period of five years of postrelease supervision.

Contrary to the defendant's contention, the resentence was not presumptively vindictive, but rather a proper exercise of discretion by the Supreme Court (*see People v Young*, 94 NY2d 171, 178 [1999]; *People v Lawrence*, 44 AD3d 967 [2007]). Further, the resentence imposed was not excessive (*see People v Izaguirre*, 51 AD3d at 946; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.