■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GILLESPIE, Appellant. [36 NYS3d 715]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 4, 2013, convicting him of criminal sexual act in the first degree, burglary in the first degree (two counts), attempted aggravated sexual abuse in the first degree, assault in the second degree, sexual abuse in the first degree, unlawful imprisonment in the first degree, criminal contempt in the first degree, and criminal contempt in the second degree, upon a jury verdict, and rape in the first degree and burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and a new trial is ordered.

With respect to the defendant's appeal from the portion of the judgment rendered upon a jury verdict, for the reasons set forth in this Court's decision and order on the codefendant's appeal (*People v Gough*, 142 AD3d 673 [2016] [decided herewith]), the Supreme Court's mischaracterization of the contents of a particular jury note deprived defense counsel of prior meaningful notice of the contents of the note and an opportunity to suggest appropriate responses in accordance with CPL 310.30 and *People v O'Rama* (78 NY2d 270 [1991]). Accordingly, the defendant is entitled to a new trial.

With respect to the defendant's appeal from the portion of the judgment rendered upon his plea of guilty, the defendant is also entitled to reversal, since his plea was induced by the promise that the sentences would run concurrently with the sentences imposed upon the convictions for which he was tried by a jury (*see People v Williams*, 17 NY3d 834 [2011]).

The defendant's remaining contention has been rendered academic in light of our determination. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.