■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINNTARIUS WHITE, Appellant. [62 NYS3d 236]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 15, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was arrested in 2003 and charged with two counts of murder in the second degree (Penal Law § 125.25 [1] [intentional murder], [2] [depraved indifference murder]). He was originally convicted upon his guilty plea of depraved indifference murder, and was sentenced to an indeterminate term of imprisonment of 15 years to life. On a prior appeal, this Court concluded, under the then-evolving case law applicable to that crime (*see People v Gonzalez*, 1 NY3d 464, 467-468 [2004]), that the factual allocution failed to establish that defendant acted recklessly or with depraved indifference, and we therefore reversed the judgment, vacated the plea, and remitted the matter to County Court for further proceedings on the indictment (*People v White*, 70 AD3d 1343 [2010], *lv denied* 14 NY3d 894 [2010]). Upon remittal, defendant was offered a plea bargain on the intentional murder charge with the

same sentence as that previously imposed, but the matter proceeded to trial when he indicated that he did not shoot the victim and was not present when the crime occurred. Defendant now appeals from a judgment convicting him upon a jury verdict of intentional murder.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his guilt as an accomplice because the People were bound by the doctrine of collateral estoppel to accept that the codefendant, who pleaded guilty to depraved indifference murder (Penal Law § 125.25 [2]), did not intend to kill the victim (see CPL 470.05 [2]). In any event, that contention is without merit. Defendant was charged as a principal and an accomplice and, regardless of the evidence of accomplice liability, the evidence is legally sufficient to establish defendant's liability as a principal (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that, in view of his justification defense, the verdict is against the weight of the evidence (see People v Cook, 270 AD2d 915, 916 [2000], lv denied 95 NY2d 795 [2000]; People v White, 168 AD2d 962, 963 [1990], lv denied 77 NY2d 968 [1991]; see also People v Johnson, 103 AD3d 1226, 1226-1227 [2013], lv denied 21 NY3d 944 [2013]). The jury's credibility assessments are entitled to great deference, and it cannot be said here that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).

Defendant further contends that the court abused its discretion in admitting in evidence photographs of the victim's body because, although they concededly were relevant, they were highly prejudicial. We reject that contention (see People v Pobliner, 32 NY2d 356, 369-370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]; People v Payton, 147 AD3d 1354, 1354 [2017]). Furthermore, "the trial court balanced the photographs' probative value against their potential for prejudice by limiting the number of photographs admitted" in evidence (People v Llamas, 186 AD2d 685, 686 [1992], lv denied 81 NY2d 842 [1993]), and "the court issued prompt instructions that the jury avoid emotion when viewing the exhibits" (People v Timmons, 78 AD3d 1241, 1245 [2010], lv denied 16 NY3d 837 [2011]; see People v Francis, 83 AD3d 1119, 1122 [2011], lv denied 17 NY3d 806 [2011]). Contrary to defendant's contention, "[t]he People were not bound to rely entirely on the testimony of the medical expert to prove [defendant's intent] and the photographs were admissible to elucidate and corroborate that testimony" (People v Stevens, 76 NY2d 833, 836 [1990]).

We reject defendant's contention that the longer sentence imposed after his successful appeal from the prior judgment of conviction is a vindictive punishment for exercising his right to appeal. "It is a well-settled principle that criminal defendants should not be penalized for exercising their right to appeal. To punish a person because he [or she] has done what the law plainly allows him [or her] to do is a due process violation of the most basic sort . . . In order to insure that trial courts do not impose longer sentences to punish defendants for taking an appeal, a presumption of vindictiveness generally arises when defendants who have won appellate reversals are given greater sentences after their retrials than were imposed after their initial convictions" (*People v Young*, 94 NY2d 171, 176 [1999], *rearg denied* 94 NY2d 876 [2000] [internal quotation marks omitted]), regardless of whether the prior conviction was by plea or trial (*see e.g. People v Miller*, 103 AD2d 808, 809 [1984], *affd* 65 NY2d 502 [1985], *cert denied* 474 US 951 [1985]; *cf. Alabama v Smith*, 490 US 794, 799-803 [1989]). Nevertheless, "[i]t is . . . no more than a presumption and may be overcome by evidence that the higher sentence rests upon a legitimate and reasoned basis" (*Miller*, 65 NY2d at 508).

Here, in originally pleading guilty to the depraved indifference murder charge, defendant stated during the plea colloquy that he and a codefendant "searched for the victim and, upon locating him, shot him at close range. Defendant also stated that he fired at the victim" (*White*, 70 AD3d at 1343). Nevertheless, during the interview that was conducted by a probation officer who prepared the presentence report after the postappeal trial on the intentional murder charge, defendant "emphasized that he had not intended to shoot the victim," and he told the court at the postappeal sentencing proceeding that he "wanted to just talk to [the victim] and that was that. [He] didn't mean for any of this to happen at all." It is well settled that a defendant's failure to accept responsibility for his or her actions is a factor upon which the court may rely in imposing sentence (*see e.g. People v Simcoe*, 75 AD3d 1107, 1109 [2010], *lv denied* 15 NY3d 924 [2010]), and indeed the court in the case before us specifically noted in imposing sentence that defendant was "not taking responsibility. I believe that can be taken into consideration and differs from what occurred back in 2004." Thus, the "presumption [of vindictiveness] was rebutted by the sentencing court, which affirmatively placed on the record 'objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding,' such as his . . . lack of genuine remorse" (*People v Ocampo*, 52 AD3d 741, 742 [2008], *lv denied*

11 NY3d 792 [2008]; *see People v Casanova*, 152 AD3d 875, 879-880 [2017]).

In addition, the increased sentence is justified by "defendant's election, after his successful appeal, of a jury trial which imposed upon the victim['s family] the trauma of publicly reliving the events of the attack. The Supreme Court has recognized . . . 'that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process' " (*Miller*, 65 NY2d at 509). Here, the court initially agreed to exercise its discretion to impose a lesser sentence upon defendant's plea of guilty in order, inter alia, to bring closure to the victim's family and obviate the need for them to relive the gruesome events of the victim's death. Having rejected a plea upon remittal and chosen to exercise his right to a trial, defendant "should not be heard to complain that a higher sentence is imposed after conviction" because, by exercising his right to a trial in which those events were described in detail, "he has removed from consideration the element of discretion involved" (*id.*).

Finally, defendant contends that the sentence is unduly harsh and severe. Contrary to the People's contention, and as we have previously noted, it is well settled that this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783 [1992]), and that "we may 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (*People v Johnson*, 136 AD3d 1417, 1418 [2016], *lv denied* 27 NY3d 1134 [2016]). Nevertheless, we conclude that the term of incarceration is not unduly harsh or severe. Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.