People v Cutaia (2018 NY Slip Op 08816)





People v Cutaia


2018 NY Slip Op 08816


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1260 KA 17-00960

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALFONSO C. CUTAIA, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered January 31, 2017. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law § 130.96). Defendant was acquitted of another count of predatory sexual assault against a child involving a different complainant. We affirm.
Defendant challenges County Court's admission of certain Molineux evidence. That evidence, however, pertained only to the count of which defendant was acquitted, and the court gave extensive limiting instructions forbidding the jury from considering the Molineux evidence in connection with the count of which he was convicted. As such, defendant was not prejudiced by the Molineux evidence at issue, and we therefore reject his assertion that he was denied a fair trial as a result of its admission (see People v Reynoso-Fabian, 134 AD3d 1141, 1146-1147 [3d Dept 2015]; see generally People v Young, 255 AD2d 907, 907 [4th Dept 1998], affd 94 NY2d 171 [1999]). Defendant's related claim that the admission of the Molineux evidence chilled his right to testify about the charge of which he was convicted necessarily assumes that the jury would have disregarded the court's clear instructions forbidding any consideration of the Molineux evidence in connection with that charge, and the law does not permit such an assumption (see generally People v Baker, 14 NY3d 266, 274 [2010]; People v Alexander, 160 AD3d 1370, 1371 [4th Dept 2018], lv denied 32 NY3d 1001 [2018]).
Contrary to defendant's further contention, the court properly denied his motion to sever the two counts for trial (see People v Rios, 107 AD3d 1379, 1380-1381 [4th Dept 2013], lv denied 22 NY3d 1158 [2014]; see also People v Molyneaux, 49 AD3d 1220, 1221 [4th Dept 2008], lv denied 10 NY3d 937 [2008]).
We reject defendant's contention that he was deprived of due process by four instances of alleged prosecutorial misconduct on summation. As defendant correctly concedes, the court effectively sustained his objections to all four challenged comments. Because defendant did not seek any further relief in connection with three of the four challenged comments, any prejudice from those three comments was presumptively corrected to his satisfaction (see People v Heide, 84 NY2d 943, 944 [1994]; People v Carson, 122 AD3d 1391, 1393 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]). Defendant's mistrial motion with respect to the remaining challenged comment was properly denied because the prosecutor did not actually comment on [*2]defendant's failure to testify (see People v Elliott, 288 AD2d 907, 907 [4th Dept 2001], lv denied 97 NY2d 704 [2002]; see generally People v Thomas, 96 AD3d 1670, 1673 [4th Dept 2012], lv denied 19 NY3d 1002 [2012]).
The sentence is not unduly harsh or severe. We are nevertheless compelled to emphasize once again that, "[c]ontrary to the People's contention, and as we have previously noted, it is well settled that this Court's sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court . . . , and that we may substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (People v White, 153 AD3d 1565, 1568 [4th Dept 2017], lv denied 30 NY3d 1065 [2017] [internal quotation marks omitted]).
Finally, we note that the "certificate of disposition" contains multiple errors that must be corrected (see generally People v Saxton, 32 AD3d 1286, 1286 [4th Dept 2006]). First, the certificate lists an incorrect date for the underlying offense, and it must be amended to reflect the correct date range specified in count one of the indictment. Second, the certificate incorrectly states that count one of the indictment was "reduced" at some point during the proceedings, and this notation must be stricken. Third, the certificate does not clearly specify the jury's verdict on each count, and it must be amended to clearly indicate that defendant was convicted of count one and acquitted of count two. Fourth, the certificate incorrectly states that the court assessed only a $325 "surcharge" at sentencing; rather, the court assessed a $300 mandatory surcharge, a $50 DNA databank fee, a $25 crime victim assistance fee, and a $50 sex offender registration fee, and the certificate must be amended to correctly delineate the various fees and surcharges assessed.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court