People v Gillespie (2025 NY Slip Op 03205)

People v Gillespie

2025 NY Slip Op 03205

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2018-13694
 (Ind. No. 769/10)

[*1]The People of the State of New York, respondent,
v
Raymond Gillespie, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick and Yvonne Shivers of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Rebecca Nealon, MyeongHwan Cha, and Danielle S. Fenn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered November 13, 2018, convicting him of rape in the first degree, endangering the welfare of a child, criminal sexual act in the first degree, burglary in the first degree, attempted aggravated sexual abuse in the first degree, assault in the second degree, unlawful imprisonment in the first degree, and criminal contempt in the first degree, upon a jury verdict, and sentencing him, as a second felony offender, to concurrent determinate terms of imprisonment of 25 years plus 25 years of postrelease supervision on the conviction of rape in the first degree and 1 year on the conviction of endangering the welfare of a child, to run consecutively to concurrent determinate terms of imprisonment of 25 years plus 25 years of postrelease supervision on the conviction of criminal sexual act in the first degree, 25 years plus 5 years of postrelease supervision on the conviction of burglary in the first degree, 15 years plus 20 years of postrelease supervision on the conviction of attempted aggravated sexual abuse in the first degree, 7 years plus 5 years of postrelease supervision on the conviction of assault in the second degree, and indeterminate terms of imprisonment of 1½ to 3 years on the conviction of unlawful imprisonment in the first degree and 1½ to 3 years on the conviction of criminal contempt in the first degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of rape in the first degree from a determinate term of imprisonment of 25 years plus 25 years of postrelease supervision to a determinate term of imprisonment of 10 years plus 25 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was convicted of criminal sexual act in the first degree and other crimes, upon a jury verdict, and rape in the first degree and another crime, upon his plea of guilty (see People v Gillespie, 142 AD3d 673). On appeal, this Court reversed the judgment of conviction, vacated the plea, and ordered a new trial (see id.). Thereafter, the defendant was convicted of rape in the first degree and criminal sexual act in the first degree, among other crimes, upon a jury verdict. The Supreme Court directed that the concurrent sentences imposed on the convictions of rape in the first degree and another crime, which related to conduct the defendant committed on March 12, [*2]2009, run consecutively to the concurrent sentences imposed on the other convictions, which related to conduct the defendant committed on September 20, 2009. The defendant appeals.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's contention that his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see People v John, 27 NY3d 294) were violated by the testimony of a criminalist is unpreserved for appellate review (see People v Liggins, 185 AD3d 721). In any event, the defendant's contention is without merit. The criminalist's testimony indicated that he independently analyzed the raw data. Thus, at trial, the criminalist did not function as a mere conduit for the conclusions of others (see People v John, 27 NY3d at 315; People v Sirleaf, 231 AD3d 969, 971; People Gough, 209 AD3d 667, 669).
The defendant's challenge to certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged remarks constituted fair comment on the evidence or were fair response to defense counsel's summation (see People v Morales, 201 AD3d 819, 819-820; People v Birot, 99 AD3d 933, 933). Any improper remarks were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Morales, 201 AD3d at 820, People v Almonte, 23 AD3d 392, 394).
The defendant contends that his sentence resulted from vindictiveness. This contention is unpreserved for appellate review (see People v Ocampo, 52 AD3d 741, 742). In any event, this contention is without merit. That the defendant was sentenced by a different Justice than the Justice who imposed the initial sentence is fatal to that claim as a matter of federal constitutional law (see People v Young, 94 NY2d 171, 178).
Under the State Constitution, a presumption of vindictiveness applies where a defendant successfully appeals an initial conviction, and is retried, convicted, and given a greater sentence than that imposed after the initial conviction (see People v Martinez, 26 NY3d 196, 199; People v Young, 94 NY2d at 176; People v Van Pelt, 76 NY2d 156, 160-161). That presumption may be overcome by evidence that the higher sentence rests on a legitimate and reasoned basis (see People v Miller, 65 NY2d 502, 508).
Here, unlike the defendant's initial judgment of conviction, where the convictions on the counts relating to the March 2009 incident resulted from the defendant's plea of guilty, this trial included evidence of the March 2009 incident where the defendant instructed the victim's son, who considered the defendant to be his father, to get a gun that the defendant possessed when the defendant raped the victim in her home. Thus, the leniency the defendant received previously was relinquished when the victim and her son were forced to testify at trial regarding the March 2009 incident (see id. at 508-509; People v White, 153 AD3d 1565). Moreover, at sentencing, the Supreme Court alluded to the defendant's lack of genuine remorse (see People v White, 153 AD3d at 1567; People v Ocampo, 52 AD3d at 742), and the Justice who imposed the second sentence was different than the Justice who imposed the initial sentence (see People v Van Pelt, 76 NY2d at 161). Thus, the presumption of vindictiveness was rebutted here and the defendant has not demonstrated actual vindictiveness.
Nonetheless, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court