■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEAN JOHNSON, Respondent. [725 NYS2d 297] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about September 15, 1999, which granted defendant's motion to dismiss Indictment Number 2048/99 on the ground that the integrity of the Grand Jury proceedings was impaired, unanimously reversed, on the law, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

The issue on appeal arises out of a statement made by the prosecutor to the Grand Jury regarding an available defense witness. Specifically, after the Grand Jury heard the testimony of the complainant and that of the police detective who conducted the lineup identification procedure, the prosecutor informed the Grand Jury of the availability of a witness who was present during the incident, and provided a summary of her anticipated testimony, based upon a sworn statement she had provided to the prosecutor. The Grand Jury then voted against hearing her testimony. After hearing defendant's testimony, the Grand Jury indicted defendant for assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree.

In his underlying supplemental motion to inspect and dismiss the Grand Jury minutes, defendant asked the court to determine whether the prosecutor's summary of the anticipated testimony of the potential defense witness was a fair and accurate representation of the witness's intended testimony; defendant never challenged the mere act of giving a summary as automatically impairing the integrity of the Grand Jury. However, in granting dismissal of the indictment, the motion court held that "it is not the fairness and accuracy of the summary that is at issue before this Court, but the very giving of the summary."

We conclude that the analysis employed by the motion court was flawed and the result erroneous. When the proper rule of law is applied in reviewing the Grand Jury minutes, the only possible conclusion is that the integrity of the Grand Jury was unaffected.

Initially, the Grand Jury has the right to file an indictment where there is legally sufficient competent evidence (CPL 190.65). Significantly, the motion court properly found that the evidence submitted to the Grand Jury was sufficient to support all of the charges contained in the indictment.

CPL 210.20 (1) (c) permits the court to dismiss an indictment if the Grand Jury proceeding is defective, as defined by

CPL 210.35 (5): "A grand jury proceeding is defective * * * when * * * [t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result." Dismissal of an indictment is an "exceptional" remedy; it applies only when the integrity of the Grand Jury has been impaired, and "does not turn on mere flaw, error or skewing" (*People v Darby*, 75 NY2d 449, 455).

The Grand Jury has great discretion in determining what evidence it chooses to hear, and has the absolute right to reject a defendant's request that it hear the testimony of additional witnesses (CPL 190.50 [3], [6]). Nothing contained in the Grand Jury minutes in this case supports a conclusion that the prosecutor's summary of the witness's expected testimony in any way prevented the Grand Jury from exercising that discretion appropriately.

The motion court reasoned that while a brief description of the subject matter of the witness's expected testimony would be permissible (citing *People v Goldberger*, NYLJ, Mar. 25, 1991, at 29, col 3), the possibility of creating prejudice increases with the length and degree of detail contained in any proposed summary of anticipated testimony, and consequently, a full summary of the contents of the witness's expected testimony such as was given here creates the possibility of unintentional inaccuracy, omissions or overemphasis of certain points at the expense of others, which could prejudice the Grand Jury. We reject this reasoning as a basis for dismissal of the indictment.

While the defendant need not demonstrate actual prejudice before an indictment is considered defective, but rather, must merely show the "possibility" of prejudice from the conduct of the prosecutor (*see, People v Di Falco*, 44 NY2d 482, 488), this possibility of prejudice must follow from *some* identifiable misconduct on the part of the prosecutor such as would have impaired the integrity of the Grand Jury process. It must be conceded that in order to enable the Grand Jury to decide whether to hear from a proposed witness, the prosecutor must necessarily convey some brief synopsis or description of the witness's expected testimony. The mere assertion that the prosecutor offered too many details in such a summary cannot alone convert proper conduct into misconduct.

It may be true that summarizing the expected testimony of a proposed witness theoretically could result in overemphasis or omission of certain facts, or other unintentional inaccuracies. However, no such flaw is apparent in the summary under consideration here, nor did the motion court make note of any

such flaw. In any event, even such an inaccuracy would not necessarily render an indictment defective where it was otherwise based upon sufficient, proper evidence.

It would seem that underlying the decision of the motion court is the implicit belief that if the offer of eyewitness testimony had been properly made, the Grand Jury would not have declined the opportunity to hear from an eyewitness to the incident. However, CPL 210.20 does not authorize dismissal of an indictment based solely upon such speculative reasoning, when review of the minutes reflects no conduct either biased or prejudicial to the defendant. Indeed, the challenged summary of the anticipated testimony generally parallels the testimony subsequently given by defendant, and as such is more accurately characterized as exculpatory than prejudicial. Defendant's suggestion that the Grand Jury's appetite must have been "sated rather than merely whetted" by the prosecutor's summary is also simple speculation, and in the absence of demonstrable impropriety is insufficient as a basis to dismiss the indictment.

The objective of Grand Jury proceedings is to determine the sufficiency of evidence to warrant further criminal process (*see*, *People v Jones*, 239 AD2d 234); there is no indication that this is one of those "rare cases" (*People v Huston*, 88 NY2d 400, 410) where prosecutorial impropriety interfered with this objective. Concur—Andrias, J. P., Ellerin, Rubin, Saxe and Friedman, JJ.