■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON HINDS, Appellant. [940 NYS2d 264]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J., at *Hinton* hearing; Richard D. Carruthers, J., at dismissal motion, jury trial and sentencing), rendered March 24, 2010, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. We have considered and rejected defendant's challenges to the evidence establishing that the substance sold to the undercover officer was cocaine.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), particularly to the extent it involves matters of demeanor. Defendant's general reference to "other occupations" of prospective jurors was insufficient to preserve his present claim of disparate treatment by the prosecutor of similarly situated panelists, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see*

*People v Wainwright*, 11 AD3d 242, 244 [2004], *lv denied* 4 NY3d 749 [2004]).

The court properly granted the People's challenge for cause to a prospective juror. The panelist's responses revealed "opinions reflecting a state of mind likely to preclude impartial service" (*People v Johnson*, 94 NY2d 600, 614 [2000]). He gave only a qualified assurance of impartiality that was rendered even more equivocal by his demeanor, as noted by the court.

The evidence at the *Hinton* hearing established an overriding interest that warranted the limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Therefore, the closure order did not violate defendant's right to a public trial. The officer testified, among other things, that he continued his undercover work in the vicinity of the charged crimes, that he had open investigations, that he had cases pending in the courthouse nearby, that he had been threatened in other undercover investigations, and that he took precautions to protect his identity. This demonstrated that his safety and effectiveness would be jeopardized by testifying in an open courtroom, and it satisfied the requirement of a particularized showing (*see e.g. People v Plummer*, 68 AD3d 416, 417 [2009], *lv denied* 14 NY3d 891 [2010]). Furthermore, the court considered alternatives to full closure and made adequate findings.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.