■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VENUS HARRISON, Appellant. [1 NYS3d 104]—Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered July 11, 2007, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing her, as a second violent felony offender, to a term of nine years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury had ample grounds on which to reject defendant's claim-of-right defense. The evidence supported the inference that defendant was well aware that the backpack at issue belonged to the victim and not defendant, and that defendant's assertions of ownership were the product of fabrication rather than good faith mistake.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the peremptory challenge in question were not pretextual. This finding is entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). The prosecutor provided a demeanor-related explanation, which the court accepted, and such a finding is entitled to particular deference (*see People v Hinds*, 93 AD3d 536, 536 [1st Dept 2012], *lv denied* 19 NY3d 974 [2012]). The court also accepted the prosecutor's explanation that the juror's background might render him sympathetic to the defense. That concern was not required to be re-

lated to the facts of the case (*see People v Hecker*, 15 NY3d 625, 656, 663-665 [2010]; *see also People v Mancini*, 219 AD2d 456, 457 [1st Dept 1995], *lv denied* 86 NY2d 844 [1995]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists. We find it unnecessary to reach any other *Batson*-related issues on this appeal. Concur—Gonzalez, P.J., Renwick, DeGrasse and Manzanet-Daniels, Gische, JJ.