■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEREE JACKSON, Appellant. [38 NYS3d 412]—

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J. at dismissal motion; Colleen D. Duffy, J. at jury trial and

sentencing), rendered November 19, 2012, convicting defendant of offering a false instrument for filing in the first degree, falsely reporting an incident in the third degree, making a punishable false written statement, stalking in the fourth degree, and harassment in the second degree, and sentencing her to an aggregate term of five years' probation, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment, since there were no errors in the grand jury presentation that rose to the level of impairing the integrity of the proceeding. While the prosecutor engaged in some excesses when cross-examining defendant, this was not one of the "rare cases of prosecutorial misconduct" entitling a defendant to the "exceptional remedy of dismissal," because there is no "showing that, in the absence of the complained-of misconduct, the grand jury might have decided not to indict the defendant" (*People v Thompson*, 22 NY3d 687, 699 [2014] [internal quotation marks omitted]).

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenge in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), particularly because the prosecutor's proffered reasons were based on concerns about the prospective juror's demeanor, which the court had the opportunity to observe (*see e.g. People v Hinds*, 93 AD3d 536, 536 [1st Dept 2012], *lv denied* 19 NY3d 974 [2012]). Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.