People v Baptiste (2018 NY Slip Op 02798)





People v Baptiste


2018 NY Slip Op 02798


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2013-09404
 (Ind. No. 2071/12)

[*1]The People of the State of New York, respondent,
v Marlon Baptiste, appellant.


Paul Skip Laisure, New York, NY (White & Case LLP [Dana Foster], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered September 27, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At the grand jury proceeding which resulted in the defendant's indictment, the complainant testified that the defendant assaulted him with a box cutter or knife outside the home of the defendant's girlfriend. Exercising his right to testify before the grand jury (see CPL 190.50[5]), the defendant testified that the complainant was the initial aggressor by cutting him on the neck with a knife, and that he caused the complainant's injuries in self-defense. The defendant requested that the grand jury hear from three eyewitnesses, including his girlfriend and her sister (hereinafter the sister). The defendant informed the grand jury that his girlfriend may have witnessed the altercation from a window, and that the sister saw most or all of the incident while she was signing for a package outside the home.
The prosecutor proffered the defendant's proposed witnesses to the grand jury, which decided to hear from the defendant's girlfriend, but declined to hear from the two other witnesses. The prosecutor's proffer of the sister as a witness referenced the defendant's testimony that the sister was present outside the home signing for a package. The grand jury was charged on the defense of justification and thereafter indicted the defendant on various assault charges. The Supreme Court denied that branch of the defendant's omnibus motion which was to dismiss the indictment pursuant to CPL 210.20 based on the failure of the grand jury to hear from the sister.
At the trial, the sister testified during the defense case that she witnessed the entire event, that the complainant was the initial aggressor, and that the defendant disarmed the complainant during the altercation. She further testified that she had spoken with the grand jury prosecutor, but did not remember his questions or her answers. After both sides rested, the defendant renewed his motion to dismiss the indictment, arguing that the prosecutor's failure to inform the grand jury that the sister was the sole eyewitness to the entire event, and would testify that the [*2]complainant was the initial aggressor, impaired the integrity of the proceeding. The Supreme Court denied the defendant's renewed motion. The jury thereafter convicted the defendant of assault in the second degree.
An indictment should be dismissed where the grand jury proceeding is defective such that it "fails to conform to the requirements of article one hundred ninety [of the Criminal Procedure Law] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]; see CPL 210.20[1][c]; People v Thompson, 22 NY3d 687, 699). "The exceptional remedy of dismissal' is available in rare cases' of prosecutorial misconduct upon a showing that, in the absence of the complained-of misconduct, the grand jury might have decided not to indict the defendant" (People v Thompson, 22 NY3d at 699, quoting People v Huston, 88 NY2d 400, 409; see People v Darby, 75 NY2d 449, 455; People v Jackson, 143 AD3d 404). In general, this demanding test is only met where the prosecutor engaged in an overall pattern of bias and misconduct that is pervasive and typically willful (see People v Thompson, 22 NY3d at 699; People v Huston, 88 NY2d at 409-410). "[T]he statutory test, which does not turn on mere flaw, error or skewing . . . is very precise and very high" (People v Darby, 75 NY2d at 455).
Pursuant to CPL 190.50, a defendant may request the grand jury to cause a person designated by him to be called as a witness in a grand jury proceeding. "The grand jury may as a matter of discretion grant such request and cause such witness to be called" (CPL 190.50[6]). The grand jury has great discretion in determining what evidence to hear and has the absolute right to reject the defendant's request that it hear from a witness (see People v Johnson, 282 AD2d 309, 310).
Here, the Supreme Court properly determined that the prosecutor's proffer of the sister as a witness did not impair the integrity of the grand jury proceeding and did not result in possible prejudice to the defendant. The defendant informed the grand jury of the relevance of the sister as a witness, and the grand jury "could have requested the witness's testimony if it had wished to do so" (People v Johnson, 289 AD2d 1008, 1009). The prosecutor's proffer made clear that the grand jury had the discretion to request the sister's testimony (see People v Thompson, 22 NY3d at 699). The prosecutor's proffer of the sister "neither suppressed defendant's request to call the witness nor stripped the grand jury of its discretion to grant or deny that request" (id. at 699; see People v Johnson, 282 AD2d at 311; cf. People v Hill, 5 NY3d 772, 773). Further, the defendant presented his justification defense to the grand jury, and a justification charge was given (see People v Alicea, 276 AD2d 915, 916; cf. People v Samuels, 12 AD3d 695, 698-699). Accordingly, the court properly denied the defendant's renewed motion to dismiss the indictment.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court